Filed 7/2/26  Marriage of Haile CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of EDEN and TSEGAI HAILE | |
| EDEN HAILE,<br><br>        Respondent,<br><br>v.<br><br>TSEGAI HAILE,<br><br>        Appellant. | A174445<br><br>(Sonoma County<br>Super. Ct. No. SFL-090902) |

Appellant Tsegai Haile appealed after a judgment of dissolution was entered dividing property between him and respondent Eden Haile.[1]  He challenges several aspects of the proceedings below.  To the extent his arguments concern the judgment, we reject them and affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

This is the third time this court has addressed an appeal in this dissolution action.  Tsegai and Eden were married in January 1996 and have three children.  Eden filed a divorce petition in April 2022, and the parties litigated several issues, including the date of separation.  This court affirmed

---

[1] We refer to the parties by their first names in the interest of clarity.

an interim order in October 2023.  (*Haile v. Haile* (Oct. 26, 2023, A167562) [nonpub opn.] (*Haile I*).)

Litigation continued in the trial court.  As discussed in further detail below, Tsegai sought a change of venue, which the trial court denied in March 2024.

In August 2024, Tsegai filed a document titled "DECLARATION" that stated, "Due to my current medical problem, I'm hereby submitting the attached LTR to preserve my right/privilege to appear, and or to attend by zoom.  See attached Ltr."  The declaration attached a letter from a doctor that stated, "Due to [Tsegai's] current medical problems it would be best for my patient to attend appointed court dates via zoom."

It is unclear whether the trial court ever took any specific action on Tsegai's declaration.  The court continued to issue orders.  In July 2025 we affirmed orders that (1) denied a claim of exemption by Tsegai, (2) awarded Eden attorney fees, and (3) declared Tsegai a vexatious litigant and imposed a prefiling requirement.  (*In re Marriage of Haile* (July 22, 2025, A171590, A171891, & A171979) [nonpub opn.] (*Haile II*).)

While *Haile II* was pending, the trial court in March 2025 issued a trial setting order scheduling the matter for trial on July 22, 2025.  The court ordered that all parties be personally present.  Tsegai filed a brief in May, a supplemental brief in June, and a declaration in July, all of which referred to the July 22 trial date along with the correct time and location of trial.  A handwritten notation at the end of Tsegai's 19-page trial brief filed in May stated, "Dr.'s NOTE to have me accommodated to Attend via ZOOM Due to my medical condition's FILED <u>ON</u> 8/27/24."

Tsegai did not appear at trial and, according to the trial court's ruling issued after the trial, did not make a specific request to appear remotely.  The

court concluded that Tsegai had voluntarily absented himself from the proceedings, and trial proceeded in his absence.

The record contains a form order appointing an official court reporter pro tempore for the July 22 trial. But Tsegai's notice designating the appellate record listed only two hearings from August 2024 that addressed his claim of exemption, one of the subjects of *Haile II*. Thus no reporter's transcript of the trial that is the subject of this appeal is contained in the appellate record.

We know from the trial court's order issued after trial that Eden testified and presented documentary evidence regarding the division of community property. The court found her to be credible and concluded that her position was supported by the evidence presented. The court also concluded that the date of separation was April 8, 2022. As for Tsegai's claim that the date of separation occurred 20 years earlier, in 2002, the court concluded that this assertion "lack[ed] credibility and [was] inconsistent with the evidence presented at trial."

The same day as the trial, Tsegai filed a document titled "FAMILY PLEADING ON FAILURE TO ACCOMMODATE" stating that he had been waiting "on the Court's ZOOM awaiting for the host from 08:45 am to 10:15 am, there was no response." He claimed that he had been denied a reasonable accommodation to individuals with disabilities involved in court proceedings (Cal. Rules of Court, rule 1.100).

A judgment of dissolution was entered declaring the marriage terminated as of July 22, 2025. The property order attached to the judgment divided the parties' community and separate property.

Tsegai appealed. In this court, he has repeatedly, and unsuccessfully, sought to have two justices removed from the panel.

3

## II.
## DISCUSSION

As he did in *Haile I* and *Haile II*, Tsegai has filed a rambling opening brief that complains about almost all aspects of the proceedings below but has little connection to the order that is the subject of the appeal. He focuses on events that occurred years ago, in 2022 and 2023, that are not properly before us. He also refers to unrelated cases he has apparently filed in federal court. The brief includes long passages that are unsupported by citations to the record or caselaw and which we thus need not consider. (See Cal. Rules of Court, rule 8.204(a)(1)(B) & (C) [appellate briefs must be supported by citations to record, argument, and, if possible, legal authority]; see also *In re Daniel M.* (2003) 110 Cal.App.4th 703, 708 [parties' briefs are required to include argument and record citations, and the absence of these elements allows the appellate court to treat issues as waived].) Tsegai also complains about the findings after trial, including the trial court's conclusion that the date of separation occurred in April 2022. But since the record lacks a reporter's transcript of the trial, Tsegai has failed to provide a record that is adequate for review. (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 [it is appellant's affirmative duty to demonstrate error, and appellant defaults if record is inadequate for review].)

It is clear from Tsegai's statements at oral argument that he believes Eden's failure to file a respondent's brief means he prevails automatically. "In fact, if a respondent in a civil case files no brief at all, we still examine the record to see if it supports any claims of error made by the appellant." (*Griffin v. The Haunted Hotel, Inc.* (2015) 242 Cal.App.4th 490, 505; see Cal. Rules of Court, rule 8.220(a)(2) [where respondent fails to file a brief, court may decide the appeal on *the record*, opening brief, and any oral argument].)

4

To the extent that Tsegai articulates specific arguments, we reject them.

    1.  The Trial Court Did Not Deprive Tsegai of a Reasonable Accommodation.

As we have said, the trial court's order setting forth its findings after trial states that the parties were ordered to appear personally at trial and that Tsegai "did not make a request to appear remotely at trial as required per Sonoma County Local Court Rule 1.9.D. and CRC 3.672(h)." That local rule provides that for bench trials, "parties and witnesses *must appear in person* unless the Court has granted prior express authorization for a remote appearance." (Sonoma Co. Local Rules, rule 1.9.D. (Civil Evidentiary Hearings and Trials), italics added.) The rule further provides that *unless ordered by the court*, trials will be held in person. (*Id.*, rule 1.9.B. (General Provisions Regarding Remote Appearances).) And the local rule repeatedly refers to California Rules of Court, rule 3.672(h), which sets forth the notice requirements for seeking to appear remotely for trial.

Tsegai claims on appeal that the trial court's conclusion that he did not request to appear remotely at the trial is "false[]" and "refuted" by documents he filed in the trial court—a reference to his handwritten note on a trial brief referring back to a declaration filed around nine months earlier. Haile does not direct us to anywhere in the record where he complied with the applicable California Rules of Court or local rules seeking to appear remotely. His oblique handwritten reference to a previously filed declaration falls far short of these requirements. Nor does he direct us to any indication that the trial court ever entered an order allowing him to appear remotely. If Tsegai had filed a proper request to appear remotely or for a reasonable accommodation, the request may well have been granted. But he directs us to no document

indicating he undertook either action, and since no order was entered on the non-existent request, he has no basis to complain that the court conducted the trial without his remote participation. In short, Tsegai has not demonstrated that he was denied a reasonable accommodation.

2. The Trial Court Had Jurisdiction over the Proceedings.

Tsegai's brief includes a section titled "**Trial Court Lost Jurisdiction Ab Initio, This Trial was w/o Subject Matter Jurisdiction!**" It is unclear why Tsegai contends the trial court lacked jurisdiction. He argues, "Restating the retalatory [*sic*] objectives, this case is a SLAPP, brought to chill my valid exercise of constitutional rights of freedom of speech & petition for redress of grievances through abuse of judicial process (CCP 425.16(a)); CCP 428,10 (b)(1)), altering the status quo of the DVTRO, disregarding the DVPA[2] laws. It's legally dismissed by my unopposed motion for sanctions. Proceedings are in complete absurdity & travesty of justice." Later in his opening brief, Tsegai claims that Eden (who he refers to as his "[p]urported wife") lacked standing, since she "can't show any injury traceable by my actions." We may deem these arguments to be abandoned since they lack coherence. (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 524–525.)

To the extent that Tsegai argues that the trial court lost jurisdiction during the pendency of *Haile II*, he is mistaken. Is settled that "[t]he court in [a] dissolution action [does] not lose its authority to proceed with dissolution of the marriage because of [a] pending appeal" that embraces a separate issue. (*Faught v. Faught* (1973) 30 Cal.App.3d 875, 878.)

---

[2] "DVTRO" and "DVPA" are presumably references to the domestic violence restraining order he sought in 2002. The trial court denied the request in August 2002, and Tsegai did not appeal from the denial.

6

3.  Tsegai Challenges Orders that Are Not the Subject of this Appeal.

As we have said, Tsegai complains about almost every aspect of the proceedings below.  This includes challenging orders that are not currently before us.  Tsegai argues that (1) the denial of his application for a domestic violence restraining order, (2) the order denying his claim of exemption, (3) an award of $5,000 in attorney fees, and (4) the order declaring him a vexatious litigant are all void.  Again, Tsegai did not appeal from the denial of a restraining order.  The denial of the claim of exemption (filed in response to an award of $5,000 in attorney fees), as well as the order declaring Tsegai a vexatious litigant, were the subject of *Haile II* and are thus not before us.[3]

4.  Even If the Order Denying a Change of Venue Is Properly Before Us, Tsegai Has Not Established Error.

Finally, Tsegai argues that the March 2024 denial of his motion to change venue (Code Civ. Proc., § 397) should be reversed.  Review of the denial of a motion to change venue is by petition for writ of mandate within 20 days after service of a written order (Code Civ. Proc., § 400), relief that Tsegai did not seek. (See *K.R.L. Partnership v. Superior Court* (2004) 120 Cal.App.4th 490, 496, fn. 6 ["An order granting or denying a motion to transfer venue is reviewable only be petition for writ of mandate."].)  At least one case has suggested that review is available following a final judgment. (See *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42 ["no exigent reasons why review of the venue ruling should not, as is usual, await the rendition of a final judgment"], disapproved on another ground in

_____

[3] Tsegai also argues generally that the award of attorney fees in this case is void.  Once again, we reject this argument because it lacks coherence. (*Stebley v. Litton Loan Servicing, LLP*, *supra*, 202 Cal.App.4th at pp. 524–525.)

*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 6.) But we review such an order for an abuse of discretion (*Malloy v. Superior Court* (2022) 83 Cal.App.5th 543, 551), and Tsegai falls far short of showing such an abuse. He does little more than summarize general case law and make conclusory statements saying why he was harmed. We reject these unsupported arguments.

## III.
### DISPOSITION

The judgment is affirmed. Respondent Eden Haile is awarded her costs, if any, as she did not file a respondent's brief.

_____

Humes, P. J.


WE CONCUR:



_____

Banke, J.



_____

Smiley, J.



*In re the Marriage of Eden and Tsegai Haile* A174445